**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF OKLAHOMA**

CHARLES SNEED )
)
Plaintiff, ) CASE NO.20-CV-213 -RAW
)
vs. )
)
NORTHEASTERN STATE UNIVERSITY, )
A State University of the State of Oklahoma,)

Defendant.

FILED
JUL 30 2020
PATRICK KEANEY
Clerk, U.S. District Court
By ______ Deputy Clerk

DEFENDANT NORTHEASTERN STATE UNIVERSITY

**AMENDED COMPLAINT**

Plaintiff, CHARLES SNEED, Pro Se, an individual, hereby files this Amended Complaint and sues NORTHEASTERN STATE UNIVERSITY, a State University of the State of Oklahoma, for injunctive relief, attorney's fees and costs pursuant to Title II of the Americans With Disabilities Act of 1990 and § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §701 et seq ("Rehabilitation Act") and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134, and its implementing regulation, 28 C.F.R. Part 35 (hereinafter referred to as the "ADA") and § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C.§ 701 et seq. This Court is vested with original jurisdiction under 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court, Eastern District of Oklahoma pursuant to 28 U.S.C. §§1331 and 1343 and Local rules of the United States District Court for the Eastern District of Oklahoma.

3. Plaintiff, CHARLES SNEED (hereinafter referred to as "MR. SNEED" or "PLAINTIFF") is a resident of the State of Oklahoma, City of Tahlequah, and is a qualified individual with a disability under the ADA. MR. SNEED suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statues and regulations. Prior to instituting the instant action, MR. SNEED visited Defendant's premises to avail himself of the programs, services and facilities offered by Defendant more specifically enumerated in Paragraph 17 herein (the programs, services and facilities of the Defendant are hereinafter referred to as the "PROPERTIES" personally and was denied full, safe and equal access to the programs, services and facilities at the PROPERTIES of Defendant which are the subjects of this lawsuit due to the barriers to access which exist and their lack of compliance with the ADA and Rehabilitation Act. MR. SNEED continues to desire to visit the PROPERTIES and avail himself of their programs, services and facilities but continues to be denied full, safe and equal due to the barriers to access and violations of the ADA and the Rehabilitation Act that continue to exist and due to his disability.

4. Prior to filing this action, and for a lengthy period of time MR. SNEED communicated with NORTHEASTERN STATE UNIVERSITY officials regarding the barriers to access that exist at the facilities at issue in this action and requested that these barriers to his full, safe and equal access due to his disability be removed. As such, MR. SNEED continues to be discriminated against due to the barriers to access that continue to remain in violation of his civil rights and has been required to file this action to obtain the relief he sees– full, safe and equal access to NORTHEASTERN STATE UNIVERSITY.

5. The Defendant, NORTHEASTERN STATE UNIVERSITY, A State University of the State of Oklahoma, conducting business in the State of Oklahoma. Upon information and belief, NORTHEASTERN STATE UNIVERSITY is the operator of the programs, services,

facilities, real property and improvements which are the subjects of this action, to wit: the PROPERTIES.

6. All events giving rise to this lawsuit occurred in the Eastern District of Oklahoma in Tahlequah, Oklahoma.

**COUNT-I VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

7. On July 12, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C.§12101, et seq., establishing the most important civil rights law for people with disabilities in our country's history. Congress explicitly stated that among the purposes of the ADA are:

a. " to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; and

b. "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities,...; and

c. "to invoke the sweep of congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities. 42 U.S.C. § 12101(b).

8. In passing the ADA, Congress identified some 43,000,000 Americans as having one or more disabilities and found that discrimination against individuals with disabilities continues to be a serious and pervasive social problem. 42 U.S.C. § 12101 (a)(1).

9. Congress found that, historically, society tended to isolate and segregate individuals with disabilities, and despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem. 42 U.S.C. § 12101(a)(2).

10. Congress also found that discrimination against individuals with disabilities persists in such critical areas as housing, institutionalization, and access to public services. 42 U.S.C.§ 12101(a)(3).

11. Title II of the ADA made certain requirements of "public entities" with regard to their implementation of public services and programs. "Public entity" is defined as " any state or local government" or "any department, agency . . .of a state. . . or local government." 42 U.S.C. § 12131(1)(A) and (B).

12. Discrimination occurs when a person with a disability is "excluded from participation in or [is] denied the benefits of the services, programs, or activities of a public entity . . . 42 U.S.C.§12132.

13. The ADA has a clear and comprehensive national mandate to eliminate discrimination against individuals with disabilities and to establish clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities. 42 U.S.C.§ 12101(b)(1)-(2).

14. To further ensure a comprehensive and uniform federal law, the ADA preempts state or local laws unless those laws provide protection for the rights of individuals with disabilities which is greater than, or equal to, the protection afforded by the ADA. 42 U.S.C.§ 12131-12134; 28 C.F.R. Part 35 § 35.101 et seq.

15. Under Title II of the ADA, the programs and activities of public entities must be accessible to people with disabilities unless that would cause a fundamental alteration to the program or activity or constitute and undue financial and administrative burden to the entity. 28 C.F.R.§ 35.149-150. It is the burden of the entity to prove that compliance would result in such fundamental alteration or financial burden. Further, any decision that compliance would

result in alteration or burden must be made after "considering all resources available for use in funding and operation of service, program, or entity, and must be accompanied by a written statement of the reasons for reaching that conclusion. 28 C.F.R. §35.150(a)(3). Defendant cannot meet this burden.

16. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. Those regulations are coded at 28 C.F.R. Part 36, the ADA Accessibility Guidelines ("ADAAG").

17. Defendant has discriminated, and continue to so discriminate, against the Plaintiff by denying him access to, and full and equal enjoyment of one or more of the goods, services, programs, facilities, privileges, advantages, and/or accommodations by failing to remove substantially all architectural barriers within the PROPERTIES as required by Title II of the ADA, and 28 CFR 36.302 et seq., as a result of, inter alia, the violations as expressed above, as well as those similar to, and including, but not limited to, inter alia and generally, the following:

**Branscum Alumni Center**

1. There is no accessible parking provided.

**NSU University Center**

2. The NSU University Center handicapped parking space is constantly blocked off.

**Continuing Education Building**

3. There is no accessible parking provided.

**Muskogee Ave & Goingsnake Street- Parking lot**

4. The handicapped parking spaces are not close to any door.

**Administration Building**

5. West side of Administration Building handicapped parking spaces removed.

**Jack Dobbins Field House**

6. The South side of the Jack Dobbins Field House is not accessible to wheelchairs.
7. The south east side is posted for police and visitors only.
8. The east side has only 1 handicapped accessible door.
9. The east side has all handicapped Parking Spaced Reserved for Faculty/Staff parking only.

10. The West side has two handicapped accessible door's, they are over 100 feet away from the Circle Parking lot.

**NSU Circle**

11. NSU Circle Parking lot has 4 handicapped parking spaces that are not close to any doors.

**Roger Webb Educational Technology Center**

12. Has three handicapped Parking not properly posted on the North side of building.
13. East side of building has 2 posted but has faded paint hard to read.

**Administration Building East side**

14. East side No handicapped Parking Spaces.

**South of the Guard Shack and West of the Roger Webb Educational Technology Center**

15. Sidewalk has been cut and loose material put in.

**Handicapped Parking on North Street & Grand Avenue Southside of the Street**

16. Has 2 Handicapped spaces, paint is fading, No Handicapped Parking Signs, Unlevel ground.

**College of Optometry**

17. Southside of Building has 4 handicapped parking spaces all posted No Trespassing and is not properly Posted .
18. Eastside of Building has 1 handicapped space Not Properly Posted.
19. Has 3 offices not wheelchair accessible.
20. North of Building a person has to go around the curb to get to the 4 door spaces.
21. Westside ramp has a 2 ¼" drop per 1' foot.

## NSU Library

23. Four Handicapped Parking Spaces are not closest to the door. These 4 Handicapped Parking were moved from being closest to the door, to being 124' 2" from the furthest handicapped parking spaces to the East.
24. The one Handicapped parking space closest to the door is not properly posted as the sign is now faded and yellow and hard to make out.

## Bagley Hall

25. 2 not properly posted on the Northeast side of building.
26. On the Westside of the building it has 4 Handicapped parking spaces not properly posted.
27. Westside parking lot has loose material on it and sidewalk is severely cracked in 2 places.

## Science & Health Professions

28. Sidewalk is cracked on North side of building.
29. On the Southside of the building "Faculty & Staff parking only" 1 Not Properly Posted.

## NSU Doc Wadley Football Stadium

30. NSU Football Stadium has 5 Handicapped Parking Spaces on the Southwest side of the Stadium Not Properly Posted and has dirt and loose material covering the paint.
31. Directly across the parking lot are 3 Handicapped Parking Spaces Not Properly Posted.
32. Directly East across the North Ticket Gate there are 3 Handicapped Parking Spaces Not Properly Posted.

## Business & Technology Building

34. Northside of Building has 6 Handicapped Parking Spaces not properly posted, not level and not closest to the door.

## Parking Lot on the Northside of the Business & Technology and the westside of the Isabel Cobb Hall

35. Has 4 Handicapped Parking Spaces on the Southeast side of the parking lot. The south Handicapped Parking Space has been blocked by dumpster(s) since I have started my investigation. The dumpster (s) are still in front of the handicapped parking space.

**Isabel Cobb Hall**

36. Has 4 Handicapped Parking Spaces East side of Building not properly posted and not closest to any door.

**North Hall**

37. Northside has 2 Handicapped Parking Spaces not properly posted sign is Yellow.

**Courtside Apartments**

39. Southside of E-H Apartments Handicapped Parking Spaces 1 not Properly Posted, sign has turned yellow and has graffiti on it.
40. Apartment Building 2, Handicapped Parking Space across the street and not Properly Posted and not close to any doors.

**Student Financial Services**

41. Eastside has 3 Handicapped Parking Spaces but not Properly Posted.

**Journalism Building**

42. Westside of Journalism Building has 3 Handicapped Parking Spaces not Properly posted and on uneven terrain.

**Housing and Resident Building Northwest Hall #2**

43. 1 Handicapped Parking Space Reserved for Visitors ONLY on westside of building.

**Handicapped Parking Spaces on far Southeast side of the RiverHawks Wellness Center**

44. There is a drainage ditch on the furthest Southeast side of the River Hawks Wellness Center that has 2 Handicapped Parking Spaces that are over 200 feet away from any door.

**River Hawks Wellness Center**

45. 4 Handicapped Parking Spaces and 3 Van Accessible Parking Spaces all not on Level ground.

**Center for admissions & Student Enrollment**

46. 1 Handicapped Parking Space not Properly Posted.

**Club House**

47. 2 Handicapped Parking Spaces on Southside not close to the door.
48. 1 Handicapped Parking Space on Eastside not close to the door.

**NSU Library**

49. Handicapped Parking Spaces were moved furthest from the door to 123feet 4 inches away from the main east door.
50. Bathroom's 114 and 115 and not wheelchair accessible.

**NSU Redman Hertige Wall**

51. Wheelchair ramp on Southwest side of wall has a 2 ½" drop to 1'. **Not** to ADA Code

**Art Gallery**

52. 10 Parking Spaces - NO Handicapped Parking Spaces.

**Legion Hall**

53. Legion Hall is not Wheelchair Accessible– Steps Only. NO Handicapped Parking Spaces.

**Woods House**

55. Woods House NO Handicapped Parking Spaces.

**NSU APARTMENTS BUILDING AROUND CLUB HOUSE**

55. NSU Apartment Building A101. One Handicapped Parking Space not Properly Posted and not closest to the door.
56. NSU Apartment Building B105-306. One Handicapped Parking Space Not Properly posted and not closest to a door. Handicapped person must go out in the street to use the Handicapped ramp.
57. NSU Apartment Building C101-302. Handicapped Parking Space Not Properly Posted and not closest to a door.
58. NSU Apartment Building D101-302. One Handicapped Parking Space Not Properly Posted, Not closest to the door.
59. NSU Apartment Building D 105-306. One Handicapped Parking Space Not Properly Posted, Not closest to the door.
60. NSU Apartment Building E101-302. One Handicapped Parking Space Not Properly Posted and not closest to a door.

**Athletic Department**

61. NSU Athletic Department 2 are not properly posted.

**Haskell Hall**

62. Faculty and Staff Parking only. Eastside has 3 Handicapped Parking Spaces not properly posted.

**Wilson Hall**

63. Not in compliance. The sidewalk on the Eastside of Wilson Hall going down the hill to the parking lot below is Not Handicapped Accessible.

18. Upon information and belief, there are other barriers to access and violation of the ADA at the PROPERTIES which are not specifically identified herein as the Plaintiff is not required to engage in a futile gesture to 28 C.F.R Part 36, §36.501 and, as such, only once a full inspection by Plaintiff or Plaintiff's representatives can all say violations be identified.

19. The Plaintiff is entitled to have his reasonable attorney's fees, cost and expenses paid by Northeastern State University, A State University of the State of Oklahoma, pursuant to 42 USC.§12205.

20. Persuant to 42 U.S.C. this court is vested with the authority to grant Plaintiff's injunctive relief, including a order to alter the subject facilities to make them readily accessible to, and usable by,, individuals with disabilities to the extent required by the ADA, and closing the subjects facilities until the requisite modifications are complete.

WHEREFORE, the Plaintiff demands judgment against Northeastern State University, and request the following injunctive and declaratory relief:

A. Accepting jurisdiction of this case and declare that policies, procedures and services of Defendant are discriminatory and are not in compliance with the ADA;

B. Requiring Defendant to comply with federal law and regulations to remove barriers to its programs, services, and facilities at the PROPERTIES;

C. Requiring the Defendant to alter the programs, services, and facilities at the PROPERTIES to make them accessible to and usable by individuals with disabilities to the extent required by Title II of the ADA;

D. Directing Defendant to evaluate and neutralize their policies, practices, and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

E. Mandating that Defendant undertake a self-evaluation and that such evaluation contain a description of all of Defendant's programs, services and facilities at the PROPERTIES; a review of all policies and practices that govern the administration of such programs, services and facilities at NORTHEASTERN STATE UNIVERSITY; and an analysis of whether the policies and practices regarding such administration adversely affect the full participation of and use by individuals with disabilities;

F. Mandating Defendant to expeditiously make all reasonable and appropriate modifications in their policies and procedures, provide effective signage, remove all architectural barriers that are readily achievable, provide alternative means when necessary; and, otherwise, take all such steps as are reasonable and necessary to ensure that persons disabilities are no longer excluded, denied services, segregated or otherwise treated different and discriminated against at the PROPERTIES;

G. Awarding reasonable attorney fees, expert fees, costs, and expenses to the Plaintiffs;

H. Awarding such other and further relief as the Court deems necessary, just and proper; and,

I. Retaining jurisdiction of this case until Defendant has fully complied with the orders of this Court.

**COUNT II- VIOLATIONS OF THE REHABILITATION ACT**

Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 6 above as though fully restated below, and state further as follows:

21. As more fully detailed above, Plaintiff SNEED is an individual with a disability.

22. Plaintiff, as a State resident who does or would like to frequent the NORTHEASTERN STATE UNIVERSITY that is currently inaccessible as described above, is otherwise qualified to use the programs, services, and benefits provided by Defendant at NORTHEASTER STATE UNIVERSITY.

23. Defendant receives Federal monies so as to subject them to the requirements of § 504 of the Rehabilitation Act.

24. Defendant has excluded the Plaintiff, solely by reason of his disabilities, from participation in, denied the Plaintiff the benefits of, and subjected the Plaintiff to discrimination by failing to provide access to services, programs, and activities, as well as others similarly with qualified disabilities.

25. Defendant is in violation of § 504 of the Rehabilitation Act by discriminating against the Plaintiff and other disabled persons, as a result of, inter alia, the following barriers to access and violations of the ADA at the PROPERTIES;.

**Branscum Alumni Center**

1. There is no accessible parking provided.

**NSU University Center**

2. The NSU University Center handicapped parking space is constantly blocked off.

**Continuing Education Building**

3. There is no accessible parking provided.

**Muskogee Ave & Goingsnake Street- Parking lot**

4. The handicapped parking spaces are not close to any door.

**Administration Building**

5. West side of Administration Building handicapped parking spaces removed.

**Jack Dobbins Field House**

6. The South side of the Jack Dobbins Field House is not accessible to wheelchairs.
7. The south east side is posted for police and visitors only.
8. The east side has only 1 handicapped accessible door.
9. The east side has all handicapped Parking Spaced Reserved for Faculty/Staff parking only.
10. The West side has two handicapped accessible door's, they are over 100 feet away from the Circle Parking lot.

**NSU Circle**

11. NSU Circle Parking lot has 4 handicapped parking spaces that are not close to any doors.

**Roger Webb Educational Technology Center**

12. Has three handicapped Parking not properly posted on the North side of building.
13. East side of building has 2 posted but has faded paint hard to read.

**Administration Building East side**

14. East side No handicapped Parking Spaces.

**South of the Guard Shack and West of the Roger Webb Educational Technology Center**

15. Sidewalk has been cut and loose material put in.

**Handicapped Parking on North Street & Grand Avenue Southside of the Street**

16. Has 2 Handicapped spaces, paint is fading, No Handicapped Parking Signs, Unlevel ground.

**College of Optometry**

17. Southside of Building has 4 handicapped parking spaces all posted No Trespassing.
18. Eastside of Building has 1 handicapped space Not Properly Posted.
19. Three offices not wheelchair accessible.
20. North of Building has to go around the curb to get to the 4 door spaces.
21. Westside ramp has a 2 ¼" drop per 1' foot.

**NSU Library**

23. Four Handicapped Parking Spaces are not closest to the door. These 4 Handicapped Parking were moved from being closest to the door, to being 124' 2" from the furthest handicapped parking spaces to the East.
24. The one Handicapped parking space closest to the door is not properly posted as the sign is now faded and yellow and hard to make out.

**Bagley Hall**

25. 2 not properly posted on the Northeast side of building.
26. On the Westside of the building it has 4 Handicapped parking spaces not properly posted.
27. Westside parking lot has loose material on it and sidewalk is severely cracked in 2 places.

**Science & Health Professions**

28. Sidewalk is cracked on North side of building.
29. On the Southside of the building "Faculty & Staff parking only" 1 Not Properly Posted.

**NSU Doc Wadley Football Stadium**

30. NSU Football Stadium has 5 Handicapped Parking Spaces on the Southwest side of the Stadium Not Properly Posted and has dirt and loose material covering the paint.

31. Directly across the parking lot are 3 Handicapped Parking Spaces Not Properly Posted.
32. Directly East across the North Ticket Gate there are 3 Handicapped Parking Spaces Not Properly Posted.

**Business & Technology Building**

34. Northside of Building has 6 Handicapped Parking Spaces not properly posted, not level and not closest to the door.

**Parking Lot on the Northside of the Business & Technology and the westside of the Isabel Cobb Hall**

35. Has 4 Handicapped Parking Spaces on the Southeast side of the parking lot. The south Handicapped Parking Space has been blocked by dumpster(s) since I have started my investigation. The dumpster (s) are still in front of the handicapped parking space.

**Isabel Cobb Hall**

36. Has 4 Handicapped Parking Spaces East side of Building not properly posted and not closest to any door.

**North Hall**

37. Northside has 2 Handicapped Parking Spaces not properly posted sign is Yellow.

**Courtside Apartments**

39. Southside of E-H Apartments Handicapped Parking Spaces 1 not Properly Posted, sign has turned yellow and has graffiti on it.
40. Apartment Building 2, Handicapped Parking Space across the street and not Properly Posted and not close to any doors.

**Student Financial Services**

41. Eastside has 3 Handicapped Parking Spaces but not Properly Posted.

**Journalism Building**

42. Westside of Journalism Building has 3 Handicapped Parking Spaces not Properly posted and on uneven terrain.

**Housing and Resident Building Northwest Hall #2**

43. 1 Handicapped Parking Space Reserved for Visitors ONLY on westside of building.

**Handicapped Parking Spaces on far Southeast side of the RiverHawks Wellness Center**

44. There is a drainage ditch on the furthest Southeast side of the River Hawks Wellness Center that has 2 Handicapped Parking Spaces that are over 200 feet away from any door.

**River Hawks Wellness Center**

45. 4 Handicapped Parking Spaces and 3 Van Accessible Parking Spaces all not on Level ground.

**Center for admissions & Student Enrollment**

46. 1 Handicapped Parking Space not Properly Posted.

**Club House**

47. 2 Handicapped Parking Spaces on Southside not close to the door.
48. 1 Handicapped Parking Space on Eastside not close to the door.

**NSU Library**

49. Handicapped Parking Spaces were moved furthest from the door to 123feet 4 inches away from the main east door.
50. Bathroom's 114 and 115 and not wheelchair accessible.

**NSU Redman Hertige Wall**

51. Wheelchair ramp on Southwest side of wall has a 2 ½" drop to 1'. **Not** to ADA Code

**Art Gallery**

52. 10 Parking Spaces - NO Handicapped Parking Spaces.

**Legion Hall**

53. Legion Hall is not Wheelchair Accessible– Steps Only. NO Handicapped Parking Spaces.

**Woods House**

55. Woods House NO Handicapped Parking Spaces.

**NSU APARTMENTS BUILDING**
**AROUND CLUB HOUSE**

55. NSU Apartment Building A101. One Handicapped Parking Space not Properly Posted and not closest to the door.
56. NSU Apartment Building B105-306. One Handicapped Parking Space Not Properly posted and not closest to a door. Handicapped person must go out in the street to use the Handicapped ramp.
57. NSU Apartment Building C101-302. Handicapped Parking Space Not Properly Posted and not closest to a door.
58. NSU Apartment Building D101-302. One Handicapped Parking Space Not Properly Posted, Not closest to the door.
59. NSU Apartment Building D 105-306. One Handicapped Parking Space Not Properly Posted, Not closest to the door.
60. NSU Apartment Building E101-302. One Handicapped Parking Space Not Properly Posted and not closest to a door.

**Athletic Department**

61. NSU Athletic Department 2 are not properly posted.

**Haskell Hall**

62. Faculty and Staff Parking only. Eastside has 3 Handicapped Parking Spaces not properly posted.

**Wilson Hall**

63. Not in compliance. The sidewalk on the Eastside of Wilson Hall going down the hill to the parking lot below is Not Handicapped Accessible.

26 Mr. SNEED has repeatedly tried to use the programs, facilities and services of NORTHEASTERN STATE UNIVERSITY but has encountered barriers to access denying him full, safe and equal access thereto and continues to do so. Mr. SNEED intends to return to the programs, services and facilities of the Defendant but continues to be discriminated against due to the barriers to access that remain and due to his disability.

27. Defendant has discriminated, and continues to so discriminate, against the Plaintiff by denying him access to, and full and equal enjoyment of one or more of the goods,

services, programs, facilities, privileges, advantages, and/or accommodations by failing to

remove substantially all architectural barriers as required by §504 of the Rehabilitation Act of

1973, as amended, 29 U.S.C. §701 et seq., as a result of, inter alia, the violations, as expressed

above.

      **WHEREFORE,** the Plaintiff demands judgment against Defendant and requests the

following relief:

1.    Accepting jurisdiction of this case and declare that policies, procedures and
services of Defendant are discriminatory and are not in compliance with the
Rehabilitation Act;

2.    Requiring Defendant to alter NORTHEASTERN STATE UNIVERSITY and their
facilities, programs and services to comply with Federal law and regulations;

3.    Requiring NORTHEASTERN STATE UNIVERSITY to remove barriers to
access at NORTHEASTERN STATE UNIVERSITY and their facilities,
programs and services;

4.    Requiring Defendant to alter NORTHEASTERN STATE UNIVERSITY and
their facilities, programs and services to make them accessible to and usable by
individuals with disabilities to the extent required by the Rehabilitation Act;

5.    Directing Defendant to evaluate and neutralize its policies, practices, and
procedures toward persons with disabilities, for such reasonable time so as to
allow Defendant to undertake and complete corrective procedures;

6.    Mandating that Defendant undertakes a self-evaluation and that such
evaluation contain a description of all of Defendant's programs, services and
facilities at NORTHEASTERN STATE UNIVERSITY; a review of all policies

and practices that govern the administration of such facilities, programs and services at NORTHEASTERN STATE UNIVERSITY; and an analysis of whether the policies and practices regarding such administration adversely affect the full participation of and use by individuals with disabilities;

7. Mandating Defendant to expeditiously make all reasonable and appropriate modifications in its policies, practices and procedures, provide effective signage, remove all architectural barriers that are readily achievable, provide alternative means when necessary; and, otherwise, take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied services, segregated or otherwise treated differently and discriminated against at NORTHEASTERN STATE UNIVERSITY;

8. Awarding reasonable attorney fees, expert fees, costs, and expenses to the Plaintiff;

9. Awarding such other and further relief as the Court deems necessary, just and proper; and,

10. Retaining jurisdiction of this case until Defendant has fully complied with the orders of this Court.

Respectfully submitted,

Charles E. Sneed, Pro Se
9069 N. 510 Road
Tahlequah, OK 74464
918-456-0000

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of July, 2020, filed the foregoing document with the Clerk of the Court and sent a true and complete copy of the foregoing document via U.S. Mail to:

Kevin L. McClure, OBA No. 12767
Assistant Attorney General
Office of the Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105

**Charles E. Sneed**